UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MILTON FRED HARTENBOWER,
CATHERINE A. HARTENBOWER,
HART ELECTRIC LLC, and H.I.
CABLE LLC d/b/a H.I. HART LLC,

      *Plaintiffs*,

v.                                      CASE NO. 1:13-cv-2253

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES;
KATHLEEN SEBELIUS, in her official
capacity as Secretary of the United States
Department of Health and Human Services;
UNITED STATES DEPARTMENT OF
THE TREASURY; JACK LEW, in his
official capacity as Secretary of the
United States Department of the Treasury;
UNITED STATES DEPARTMENT OF
LABOR; and SETH HARRIS, in his
official capacity as Acting Secretary of the
United States Department of Labor,

      *Defendants*.
_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, Milton Fred Hartenbower, Catherine A. Hartenbower, Hart Electric LLC, and H.I. Cable LLC, d/b/a H.I. Hart LLC, by and through their attorneys, bring this complaint against Defendants, United States Department of Health and Human Services, Secretary Kathleen Sebelius, United States Department of the Treasury, Secretary Jack Lew, United States Department of Labor, and Acting Secretary Seth Harris, and their successors in office, and in support thereof allege the following on information and belief:

**INTRODUCTION**

1. Plaintiffs seek judicial review of Defendants' violations of constitutional and statutory provisions in connection with the Defendants' promulgation and implementation of certain regulations adopted under the 2010 Patient Protection and Affordable Care Act (hereafter, "PPACA"), specifically those regulations mandating that non-exempt employers pay for, as part of employee health benefit plans, certain goods and services, regardless of whether paying for such goods and services violates the employer's religious and moral values.

2. Specifically, Plaintiffs ask this Court for declaratory and injunctive relief from the operation of regulations confirmed and promulgated by the Defendants on February 15, 2012, mandating that group health plans include coverage, without cost-sharing, for "all Food and Drug Administration-approved contraceptive methods, sterilization procedures and patient education and counseling for all women with reproductive capacity" in plan years beginning on or after August 1, 2012 (hereafter, "the Mandate"), *see* 45 CFR § 147.130 (a)(1)(iv), as confirmed at 77 Fed. Register 8725 (Feb. 15, 2012), adopting and quoting Health Resources and Services Administration (HRSA) Guidelines found at http://www.hrsa.gov/womensguidelines.

3. Plaintiffs Milton Fred Hartenbower and Catherine Hartenbower are adherents of the Catholic faith. As equal shareholders who together own a controlling interest in Plaintiff Hart Electric, LLC and Plaintiff H.I. Hart, LLC, Milton Fred Hartenbower and Catherine Hartenbower wish to conduct their businesses in a manner that does not violate the principles of their religious faith.

4. Plaintiffs' Catholic beliefs include the belief that human life is a sacred gift from God and that individuals are not permitted to cause, or pay for, directly or indirectly, the intentional, unjustified termination of such life. Plaintiffs' Catholic beliefs also include the belief that contraception and sterilization are immoral.

5. Plaintiffs Milton Fred Hartenbower and Catherine Hartenbower have concluded that complying with the Mandate would require them to violate their religious beliefs because the Mandate requires them and/or the businesses they control to arrange for, pay for, provide, facilitate, or otherwise support not only contraception and sterilization, but also abortion, because certain drugs and devices such as the "morning-after pill," "Plan B," and "Ella" come within the Mandate's and HRSA's definition of "Food and Drug Administration-approved contraceptive methods" despite their known abortifacient mechanisms of action.

6. Plaintiffs contend that the Mandate requires them either to comply with the Mandate and violate their religious beliefs or not comply with the Mandate, in order to conduct their businesses in a manner consistent with their religion, and pay ruinous fines and penalties. Accordingly, the Mandate violates their rights under the Religious Freedom Restoration Act, the First Amendment to the United States Constitution, and the Administrative Procedure Act.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1346(a)(2) because it is a civil action against agencies and officials of the United States based on claims arising under the Constitution, laws of the United States, and regulations of executive departments and it seeks equitable or other relief under an Act of Congress, and also pursuant to 28 U.S.C. § 1361 as this Court may compel officers and agencies of the United States to perform a duty owed Plaintiffs.

8. This Court has jurisdiction to render declaratory and injunctive relief pursuant to 5 U.S.C. § 702, 28 U.S.C. §§ 2201-2202, 42 U.S.C. § 2000bb-1, and Federal Rules of Civil Procedure 57 and 65.

9. Venue is appropriate in this district pursuant to 28 U.S.C. §1391(e)(1)(B)-(C) because Plaintiffs reside in this district, and a substantial part of the events or omissions giving

rise to Plaintiffs' claims occurred in this district.

10. This court has the authority to award Plaintiffs their costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

## PARTIES

### Plaintiffs

11. Plaintiffs Milton Fred Hartenbower and Catherine Hartenbower are individuals and citizens of the State of Illinois and the United States.

12. Milton Fred Hartenbower owns a 100% ownership interest in Plaintiff Hart Electric LLC. The Hartenbowers are in the process of changing the ownership interest in Hart Electric so that Milton Fred Hartenbower and Catherine Hartenbower would each have a 50% interest.

13. Milton Fred Hartenbower and Catherine Hartenbower are the only Directors of Hart Electric and together they set the policies governing the conduct of all phases of Hart Electric's business and operations.

14. Hart Electric is a family-owned business that manufactures wire harnesses, battery cables and electrical components. Its offices are located at 102 South Main Street, Lostant, Illinois, in LaSalle County. It is incorporated under the laws of the State of Illinois.

15. Milton Fred Hartenbower and Catherine Hartenbower each hold a 50% ownership interest in Plaintiff H.I. Cable, LLC, d/b/a H.I. Hart, LLC and are thus equal shareholders who together own a controlling interest in H.I. Hart.

16. Milton Fred Hartenbower and Catherine Hartenbower are the only Directors of H.I. Hart, and together they set the policies governing the conduct of all phases of H.I. Hart's business and operations.

17. Plaintiff H.I. Hart is a family-owned cable television and internet provider. Its

offices are located at 102 South Main Street, Lostant, Illinois, in LaSalle County. It is incorporated under the laws of the State of Illinois.

### Defendants

18. Defendant United States Department of Health and Human Services (hereafter "HHS") is an agency of the United States and is responsible for administration and enforcement of the Mandate.

19. Defendant Kathleen Sebelius is Secretary of HHS and is named as a party only in her official capacity.

20. Defendant United States Department of the Treasury is an agency of the United States and is responsible for administration and enforcement of the Mandate.

21. Defendant Jack Lew is Secretary of the Treasury and is named as a party only in his official capacity.

22. Defendant United States Department of Labor (hereafter "DOL") is an agency of the United States and is responsible for administration and enforcement of the Mandate.

23. Defendant Seth D. Harris is Acting Secretary of DOL and is named as a party only in his official capacity.

### FACTUAL ALLEGATIONS

24. Plaintiffs Milton Fred Hartenbower and Catherine Hartenbower hold to the teachings of the Catholic Church regarding the sanctity of human life from conception to natural death. They believe that actions intended to terminate an innocent human life by abortion are gravely sinful. The Hartenbowers also adhere to the Catholic Church's teaching regarding the immorality of contraception and sterilization.

25. Milton Fred Hartenbower and Catherine Hartenbower seek to manage and operate Plaintiffs Hart Electric and H.I. Hart in a way that reflects the teachings, mission, and values of

their Catholic faith.

26. Based on their religious beliefs, and pursuant to the ethical guidelines of their businesses, Hart Electric and H.I. Hart, the Hartenbowers object to including, covering, and paying for contraceptives, sterilization, and abortion, including related education and counseling regarding the same, in a health insurance plan for themselves and their employees.

27. In furtherance of his Catholic faith, Milton Fred Hartenbower actively participates in local charities in his community, donates money to his parish church, the Diocese of Peoria, Priests for Life, Students for Life, EWTN, Food for the Poor, Catholic Charities, and other charities he believes further the work of God.

28. In furtherance of her Catholic faith, Catherine Hartenbower actively supports and participates in her parish church, has taught CCD for over 20 years, has made overseas religious pilgrimages, and is the pro-life representative for St. John the Baptist Catholic Church.

29. Hart Electric currently has fifty-four employees, including its owners, Milton Fred Hartenbower and Catherine Hartenbower. Employees of Hart Electric, including the Hartenbowers, are currently covered by a group health insurance plan issued by Humana, with an annual renewal date of April 1.

30. H.I. Hart currently has five employees, not including its owners. Employees of H.I. Hart are covered by a group health insurance plan issued by Humana, with an annual renewal date of August 1.

31. Like other non-cash benefits provided by Plaintiffs to their employees, Plaintiffs consider the provision of employee health insurance an integral component of furthering the companies' missions and values and their Catholic faith.

32. Plaintiffs Milton Fred Hartenbower and Catherine Hartenbower believe that they cannot arrange for, pay for, provide, facilitate, or otherwise support employee health plan

6

coverage for contraceptives, sterilization, abortion, or related education and counseling consistent with their religious beliefs and have established ethical guidelines for Plaintiffs Hart Electric LLC and H.I. Cable LLC setting forth those beliefs.

## APPLICABLE PROVISIONS OF THE MANDATE

33. Under the Mandate challenged herein, all non-exempt employers that offer non-grandfathered group health plans must provide coverage for all FDA-approved contraceptive methods, sterilization, and education and counseling for same.

34. The Mandate went into effect on August 1, 2012, and applies to the first health insurance plan-year starting on or after August 1, 2012.

35. The group health plan for Plaintiff Hart Electric is due for renewal on April 1, 2013 and H.I. Hart's health plan renewed on August 1, 2012. As was discovered in or about December 2012, the current group health plans for both Hart Electric and H.I. Hart include coverage for contraceptives, sterilization, and abortion. This is an error contrary to what Plaintiffs want based on their religious beliefs.

36. Plaintiffs wish to maintain health insurance coverage for employees of Hart Electric and H.I. Hart and, at the same time, and consistent with their religious beliefs, exclude coverage for all FDA-approved contraceptive methods, sterilization procedures and patient education and counseling regarding such procedures.

37. Milton Fred Hartenbower and Catherine Hartenbower are investigating ways to obtain employee health insurance coverage that complies with their Catholic faith and the ethical guidelines of Plaintiffs Hart Electric LLC and H.I. Cable LLC.[1]/

---

[1]/ The State of Illinois requires coverage for outpatient contraceptive services and drugs in individual and group health insurance policies. 215 Ill. Comp. Stat. § 5/356z.4. Yet, the Illinois Health Care Right of Conscience Act, 745 Ill. Comp. Stat. § 70/1, *et seq.*, provides "health care payers," 745 Ill. Comp. Stat. § 70/3(f), such as Plaintiffs, with an exemption from

7

38. Under the terms of the Mandate, Plaintiffs are not permitted to obtain coverage that excludes the aforementioned drugs and services. On the contrary, the Mandate will require that Plaintiffs continue to provide their employees with coverage of those services, activities, and practices that Plaintiffs consider sinful and immoral.

39. Plaintiffs, as for-profit employers, do not qualify for the "religious employer" exemption afforded by Defendants. *See* 45 CFR § 147.130 (a)(1)(iv)(A) and (B).

40. Because Plaintiffs are not non-profit entities, they are not permitted to take advantage of the "temporary safe-harbor" as set forth by the Defendants at 77 Fed. Register 8725 (Feb. 15, 2012).

41. Health insurance plans in existence as of the enactment of PPACA, on or about March 23, 2010, that do not include coverage for all FDA-approved contraceptive methods, sterilization, and related education and counseling and that have not since been materially changed are considered "grandfathered" plans that do not have to comply with the Mandate.

42. The Mandate coerces Plaintiffs into complying with its requirements and abandoning integral components of Plaintiffs' religiously inspired mission and values.

43. Failure to comply with the Mandate would likely require Plaintiffs to pay ruinous annual fines and penalties to the federal government. Under 26 U.S.C. § 4980D, Plaintiffs would likely face substantial financial penalties for each year that they provide an insurance plan for their full-time employees that does not cover the goods and services that Plaintiffs' faith forbids them from directly subsidizing.

---

having to pay for, or having to arrange for the payment of, any health care services, including "family planning, counseling, referrals, or any other advice in connection with the use or procurement of contraceptives and sterilization or abortion procedures; medication; or surgery or other care or treatment," 745 Ill. Comp. Stat. § 70/3(a), that violates the health care payer's conscience as documented in its ethical guidelines or the like, 745 Ill. Comp. Stat. §§ 70/2, 70/3(e), 70/11.2.

44. Plaintiffs are confronted with choosing between complying with the Mandate's requirements in violation of their religious beliefs, or paying ruinous fines that would have a crippling impact on their ability to survive economically. Because the Mandate coerces Plaintiffs into complying with its requirements or abandoning integral components of the Plaintiffs' religiously inspired mission and values, it imposes a substantial burden on Plaintiffs' religious exercise.

45. Any alleged interest Defendants have in providing free FDA-approved contraceptives, abortifacients, and sterilization and related education and counseling services, without cost-sharing, is not compelling as applied to Plaintiffs. In addition, any such interest could be advanced by Defendants through other more narrowly tailored means that do not require Plaintiffs to pay for and otherwise support coverage of such items through their employee health plan in violation of their religious beliefs and moral values.

46. Plaintiffs lack an adequate or available administrative remedy or, in the alternative, any effort to obtain an administrative remedy would be futile.

47. Plaintiffs lack an adequate remedy at law.

## CAUSES OF ACTION

### COUNT I
### (Violation of the Religious Freedom Restoration Act)

48. Plaintiffs incorporate by reference all of the preceding paragraphs.

49. Plaintiffs' sincerely held religious beliefs prevent them from arranging for, paying for, providing, facilitating, or otherwise supporting coverage for "all FDA-approved contraceptive methods, sterilization procedures, and patient education and counseling related to such procedures."

50. The Mandate, by requiring Plaintiffs to provide said coverage, imposes a

substantial burden on Plaintiffs' free exercise of religion by coercing Plaintiffs to choose between conducting their business in a manner that violates their religious beliefs or paying substantial penalties to the government for choosing to conduct their business in accordance with those beliefs.

51. Applying the Mandate to Plaintiffs furthers no compelling governmental interest.

52. Applying the Mandate to Plaintiffs is not narrowly tailored to furthering any compelling interest.

53. Applying the Mandate to Plaintiffs is not the least restrictive means of furthering the Defendants' stated interests.

54. The Mandate and Defendants' threatened enforcement of same violate rights secured to Plaintiffs by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq*.

55. Absent injunctive and declaratory relief against the Mandate, Plaintiffs have been and will continue to be harmed, and they request the relief set forth below in their prayer for relief.

## COUNT II
### (Violation of the Federal Free Exercise Clause)

56. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 47 above and incorporate those allegations herein by reference.

57. Plaintiffs' sincerely held religious beliefs prevent them from arranging for, paying for, providing, facilitating, or otherwise supporting coverage for "all FDA-approved contraceptive methods, sterilization procedures, and patient education and counseling related to such procedures."

58. The Mandate, by requiring Plaintiffs to provide said coverage imposes a substantial burden on Plaintiffs' free exercise of religion by coercing Plaintiffs to choose

between conducting their business in a manner that violates their religious beliefs or paying substantial penalties to the government.

59. Applying the Mandate to Plaintiffs furthers no compelling governmental interest.

60. Applying the Mandate to Plaintiffs is not narrowly tailored to furthering any compelling interest.

61. Applying the Mandate to Plaintiffs is not the least restrictive means of furthering the Defendants' stated interests.

62. The Mandate is neither neutral nor generally applicable.

63. The Mandate and Defendants' threatened enforcement of same violates Plaintiffs' rights to free exercise of religion as guaranteed by the First Amendment to the United States Constitution.

64. Absent injunctive and declaratory relief against the Mandate, Plaintiffs have been and will continue to be harmed, and they request the relief set forth below in their prayer for relief.

## COUNT III
### (Violation of the Federal Free Speech Clause)

65. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 47 above and incorporate those allegations herein by reference.

66. The First Amendment protects organizations as well as individuals against being compelled to speak.

67. Expenditures of money are a form of protected speech.

68. Plaintiffs believe that the aforementioned services, activities, and practices covered by the Mandate are contrary to their religious beliefs.

69. The Mandate compels Plaintiffs to directly subsidize services, activities, and

11

practices Plaintiffs believe to be immoral.

70. The Mandate compels Plaintiffs to arrange for, pay for, provide, facilitate, or otherwise support coverage for education and counseling related to contraception, sterilization, and abortion.

71. Defendants' actions thus violate Plaintiffs' free speech rights as guaranteed by the First Amendment to the United States Constitution.

72. Absent injunctive and declaratory relief against the Mandate, Plaintiffs have been and will continue to be harmed, and they request the relief set forth below in their prayer for relief.

## COUNT IV
### (Violation of the Administrative Procedure Act)

73. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 47 above and incorporate those allegations herein by reference.

74. The Affordable Care Act expressly delegates to an agency within Defendant United States Department of Health and Human Services, the Health Resources and Services Administration, the authority to establish "preventive care" guidelines that a group health plan and health insurance issuer must provide.

75. Given this express delegation, Defendants were obliged to engage in formal notice and comment rulemaking as prescribed by law before Defendants issued the guidelines that group health plans and insurers must provide.

76. Proposed regulations were required to be published in the Federal Register, and interested persons were required to be given a chance to take part in the rulemaking through the submission of written data, views, or arguments.

77. Defendants promulgated the "preventive care" guidelines without engaging in the

formal notice and comment rulemaking as prescribed by law. Defendants delegated the responsibilities for issuing "preventive care" guidelines to a non-governmental entity, the Institute of Medicine, which did not permit or provide for broad public comment otherwise required by the Administrative Procedure Act.

78. Defendants also failed to engage in the required notice and comment rulemaking when Defendants issued the interim final rules and the final rule that incorporates the "preventive care" guidelines.

79. Moreover, the Mandate Rule violates Section 1303(b)(1)(A) of PPACA, which provides that "nothing in this title" "shall be construed to require a qualified health plan to provide coverage of [abortion] services . . . as part of its essential health benefits for any plan year." 42 U.S.C. § 18023(b)(1)(A)(i) (codification of Section 1303 of PPACA).

80. The Mandate violates the Religious Freedom Restoration Act.

81. The Mandate violates the First Amendment to the United States Constitution.

82. Defendants, in promulgating the Mandate, failed to consider the constitutional and statutory implications of the Mandate on for-profit employers such as Plaintiffs.

83. Accordingly, the Mandate is arbitrary and capricious, not in accordance with law or required procedure, and is contrary to constitutional right, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

84. Absent injunctive and declaratory relief against the Mandate, Plaintiffs have been and will continue to be harmed, and they request the relief set forth below in their prayer for relief.

**PRAYER FOR RELIEF**

85. Plaintiffs repeat and re-allege all allegations made above and incorporate those allegations herein by reference, and Plaintiffs request that this Court grant them the following

relief and enter final judgment against Defendants and in favor of Plaintiffs:

    A.    Declare that the Mandate and Defendants' enforcement of same against Plaintiffs violates the Religious Freedom Restoration Act;

    B.    Declare that the Mandate and Defendants' enforcement of same against Plaintiffs violates the Free Exercise Clause of the First Amendment to the United States Constitution;

    C.    Declare that the Mandate and Defendants' enforcement of same against Plaintiffs violates the Free Speech Clause of the First Amendment to the United States Constitution;

    D.    Declare that the Mandate and Defendants' enforcement of same against Plaintiffs violates the Administrative Procedure Act;

    E.    Issue preliminary and permanent injunctions prohibiting Defendants, their officers, agents, servants, employees, successors in office, attorneys, and those acting in active concert or participation with them, including any insurance carriers or third party plan administrators, from applying and enforcing the Mandate and any related regulations, rules, statutes, laws, penalties, fines or assessments against Plaintiffs, and prohibiting Defendants, their officers, agents, servants, employees, successors in office, attorneys, and those acting in active concert or participation with them from applying and enforcing the Mandate against any insurance carriers or third party plan administrators with whom Plaintiffs may seek to contract with respect to the provision or administration of an employee health plan for Plaintiffs' employees;

    F.    Award Plaintiffs their costs and attorney's fees associated with this action; and

    G.    Award Plaintiffs any further relief this Court deems equitable and just.

Respectfully submitted this 26th day of March, 2013.

| | |
|---|---|
| Edward L. White III (MI Bar No. P62485)<br>American Center for Law & Justice<br>5068 Plymouth Road<br>Ann Arbor, Michigan 48105<br>Tel. 734-662-2984; Fax. 734-302-1758<br>ewhite@aclj.org<br><br>Carly F. Gammill (TN Bar No. 28217)<br>American Center for Law & Justice<br>188 Front St., Ste. 116-19<br>Franklin, Tennessee 37064<br>Tel. (615) 415-4822; Fax: (615) 599-5189<br>cgammill@aclj-dc.org<br><br>*Application for admission forthcoming | */s/ Geoffrey R. Surtees*<br>Geoffrey R. Surtees (KY Bar No. 89063)<br>Francis J. Manion (KY Bar No. 85594)<br>American Center for Law & Justice<br>6375 New Hope Road<br>New Hope, Kentucky 40052<br>Tel. 502-549-7020; Fax. 502-549-5252<br>fmanion@aclj.org<br>gsurtees@aclj.org<br><br>Erik M. Zimmerman*<br>American Center for Law & Justice<br>1000 Regent University Drive<br>Virginia Beach, Virginia 23464<br>Tel. 757-226-2489; Fax. 757-226-2836<br>ezimmerman@aclj.org<br><br>*Counsel for Plaintiffs* |